# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2039 | **DATE** | 10/31/2011 |
| **CASE TITLE** | Lust vs. Everest College | | |

**DOCKET ENTRY TEXT**

For the reasons explained below, Plaintiff's Complaint is dismissed *sua sponte* for failure to state a claim upon which relief can be granted. Plaintiff is given until Nov. 28, 2011, to submit an amended complaint or this case will be dismissed for want of prosecution. Plaintiff's Application for Leave to Proceed *In Forma Pauperis* [4] and his Motion for Appointment of Counsel [5] are denied. If Plaintiff chooses to refile these motions, he must submit a complete financial affidavit in support thereof.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Brian Lust, proceeding *pro se*, moves for leave to proceed *in forma pauperis* and for appointment of counsel.

In order to receive leave to proceed without paying filing costs, a litigant must submit an affidavit stating that he is unable to pay the filing costs. 28 U.S.C. § 1915. The Court may deny a motion to proceed *in forma pauperis* if it is not satisfied that the allegation of poverty is true. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Additionally, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen an indigent plaintiff's complaint and dismiss the complaint if the action is frivolous or fails to state a claim upon which relief can be granted. *Staten v. Hoosman*, 11-0039-DRH, 2011 WL 148265, at *1 (S.D. Ill. Jan. 18, 2011).

There are several problems with Plaintiff's filings. First, in its current state, Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Complaint is exceedingly vague and difficult to understand. Plaintiff names Everest College and claims that on March 24, 2011 — the same date he filed this Complaint — he was falsely arrested at Everest College, 247 S. State St. Plaintiff has checked every possible box on the form complaint for violation of constitutional rights, but provides no detail as to who arrested him other than to say, "Everest College arrested me, kicked me out, and pushed me out the door." Plaintiff contends he was arrested for "delivering a supena [sic]."

Although it is unclear who made the arrest in this case, the court notes that private security guards are not state actors, and Plaintiff must demonstrate that the challenged action constituted state action in order to proceed under 42 U.S.C. § 1983. *See Prowisor v. Bon-Ton, Inc.*, 232 Fed. App'x. 26, 28 (2d Cir. 2007). At present, his Complaint does not sufficiently allege state action. As such, if Plaintiff wishes to proceed with this case, he should submit an amended Complaint that contains a short and plain statement as to what occurred, and which names a proper defendant. As such, the Complaint is dismissed and Plaintiff is given until Nov. 17, 2011, to submit an amended complaint that states a claim. If he fails to do so, this case will be dismissed for want of prosecution.

Additionally, Plaintiff's financial affidavit in support of his motion to proceed *in forma pauperis*

| STATEMENT |
|---|

appears incomplete in that Lust has answered "no" to every question inquiring as to whether he or anyone in household has income or assets.  As observed by Judge Hibbler in a recent ruling on a filing by this Plaintiff, he must have some assets or income or assistance from relatives or friends in order to survive.  *Lust v. Town of Cicero*, 11 C 2163, D.E. 6.  For example, it appears that Lust is living with his mother, but he does not list her income or assets.  As such, the Court denies Plaintiff's motion for leave to proceed *in forma pauperis* without prejudice.

Plaintiff may submit a revised application giving a full picture of his financial situation, or he may pay the filing fee if he wishes to proceed with this action.  Plaintiff's motion for appointment of counsel cannot be decided without a complete financial affidavit, and would be denied regardless as it does not appear that Plaintiff has made any efforts to retain counsel on his own.  As such, it is denied without prejudice to Plaintiff re-filing such a motion in the future should he take the steps outlined above.

If Plaintiff chooses to reapply or amend his Complaint, he may wish to contact the Pro Se Assistance Program, located on the 20th Floor of the Dirksen Building, 219 S. Dearborn St., which can be reached at (312) 435-5691.